UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
BRANDON BLAIR and          )
RICHARD N. TOUSIGNANT,     )
        Plaintiffs         )
                           )
v.                         )   DOCKET NO. 06-40129
                           )
PETER TOWLER, THOMAS       )
DOWD, DANIEL DOWD,         )
THOMAS C. DUFFY, EDWARD    )
McGINN, JIMMY MOORE,       )
And OFFICER ORTIZ,         )
        Defendants         )
```

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS PETER TOWLER, DANIEL DOWD, THOMAS C. DUFFY,
EDWARD McGINN, JIMMY MOORE, and OFFICER ORTIZ'S
MOTION TO DISMISS

Now come Defendants Peter Towler, Daniel Dowd, Thomas C. Duffy, Edward McGinn, Jimmy Moore and Officer Ortiz (collectively, "Defendants") to move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.[1]  As grounds for this motion, Defendants state that Plaintiffs' claims are barred by the statute of limitations.  (Plaintiffs' Complaint is attached hereto as "Exhibit B.")  The grounds for this motion are set forth more fully below.

---

[1] Defendant Thomas Dowd is represented by other counsel.  Defendant Thomas Falcone has been dismissed by Plaintiffs.  (See Docket Report attached as Exhibit A, document #9.)

**STATEMENT OF FACTS**

1.  On or about December 22, 2001, Plaintiffs were arrested by Worcester police officers outside of the AMEN nightclub located at 90 Commercial Street, Worcester, Massachusetts. (Exhibit B, ¶¶ 15, 21.)

2.  Plaintiffs filed complaints in this Court in August 2002, alleging constitutional violations, as well as common-law tort claims, arising out of their arrest on December 22, 2001 and subsequent criminal prosecution. (U.S.D.C. Docket Nos. 02-40152 and 02-40153.)

3.  Plaintiffs complaints were dismissed on March 13, 2006. (See Memorandum And Order On Plaintiffs' Motions For Default Judgment, To File A Supplemental Affidavit, And For A Hearing, And Certain Defendants' Cross-Motions To Dismiss attached hereto as "Exhibit C.")

4.  Plaintiffs filed this new action, arising out of the arrest on or about December 22, 2001, on June 29, 2006. (See Exhibit A, document #1.)

5.  Plaintiffs claim, under 42 U.S.C. § 1983, that they were arrested without probable cause, violating Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution. (Exhibit B, Count I.)

6.  Plaintiffs claim, under 42 U.S.C. § 1983, that Defendants assaulted and battered them during their arrest, violating Plaintiffs' rights under the Eighth and Fourteenth Amendments of the United States Constitution.  (Exhibit B, Count II.)

**ARGUMENT**

A.  Standard Of Review

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  LaLonde v. Textron, Inc., 369 F.3d 1, 6 (1st Cir. 2004)(citation omitted).  "Where the motion for dismissal is premised on the running of the applicable statute of limitations period, the pleader's allegations must leave 'no doubt that the asserted claim is time-barred.'" Corliss v. City of Fall River, 397 F. Supp. 2d 260, 263 (D. Mass. 2005)(quoting Jorge v. Rumsfeld, 404 F.3d 556, 561 (1st Cir. 2005)(citation omitted)).

B.  Plaintiffs' Complaint Is Barred By The Statute Of Limitations.

"The Supreme Court directs federal courts adjudicating civil rights claims under 42 U.S.C. § 1983 to borrow the statute of limitations applicable to personal injury actions under the law of the forum state."  Street v. Vose,

936 F.2d 38, 39 (1st Cir. 1991)(citations omitted).  The applicable statute of limitations for personal injury actions in Massachusetts is three years from the date of injury.  Id.  (citing Mass. Gen. Laws c. 260, § 2A, which provides that "[e]xcept as otherwise provided, actions of tort [and] actions of contract to recover for personal injuries … shall be commenced only within three years next after the cause of action accrues.") Plaintiffs' claims against the Defendants arose on the date of their arrest, on or about December 22, 2001. (Exhibit B, ¶¶ 15-22.)  The present action was filed with this Court on June 29, 2006. (Exhibit A, document #1.)  Since Plaintiffs' Complaint was filed more than 4 ½ years after their cause of action arose and beyond the three-year statute of limitations, Plaintiffs' claims are barred by the statute of limitations.  Accordingly, Plaintiffs' Complaint should be dismissed with prejudice.

C.  The Massachusetts Renewal Statute, Mass. Gen. Laws c. 260, § 32, Does Not Apply To The Case At Bar.[2]

In order to avoid dismissal for bringing their claims beyond the three-year statute of limitations, Plaintiffs

---

[2] Defendants do not contest that the Massachusetts renewal statute applies to § 1983 actions brought in federal courts.  See Corliss, 397 F. Supp. 2d at 265.  Defendants also do not contest that this action was filed within one year after the dismissal of the prior actions, or that this action is brought for "the same cause" as the previously dismissed actions.

4

invoke Mass. Gen. Laws c. 260, § 32, the so-called Massachusetts renewal statute, which provides that

> [i]f an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form, or if, after judgment for the plaintiff, the judgment of any court is vacated or reversed, the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal or other determination of the original action ….

(Exhibit B, ¶ 23.)  Plaintiffs state that their prior actions were dismissed "because of insufficient service of process," and, therefore, the renewal statute permits them to file this action within one year of the dismissal. (Exhibit B, ¶ 23.)  Plaintiffs' reliance on the renewal statute is misplaced.

First, not all actions dismissed for insufficient service fall within the protections of the renewal statute. The statute clearly sets forth two types of insufficient service of process to which it applies: "insufficient service of process **by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed** …."  Mass. Gen. Laws c. 260, § 32; see also Krasnow v. Allen, 29 Mass. App. Ct. 562, 566 (1990) (reasoning that the specificity of the Massachusetts

5

renewal statute suggests that it was intended to be applicable to dismissal for insufficient service of process only if attributable to one of the two specified reasons). Plaintiff's prior complaints were dismissed not because of "unavoidable accident" or "default or neglect" of the process server, but, because of Plaintiffs' failure to serve the individual Defendants in accordance with Fed. R. Civ. P. 4(m) by reason of Plaintiffs' improper reliance on a supposed custom or practice of the City permitting service upon the individual defendants by serving support staff in the Worcester Police Chief's Office as agents of the individual defendants where no agency relationship had been created or authorized as a matter of law.  (Exhibit C, pp. 8-13.)  Such defective service does not fall within the type of insufficient service of process which is protected by the renewal statute.

Second, assuming, arguendo, that Plaintiffs are relying on the provision of the renewal statute that permits a new action to be filed within one year of dismissal if the prior action was dismissed for any "matter of form," Plaintiffs' reliance would be misplaced.  In considering whether or not a case was dismissed for a "matter of form," courts have focused on whether, within the original limitations period, "the defendant had actual

6

notice that a court action had been initiated." Liberace v. Conway, 31 Mass. App. Ct. 40, 44 (1991); Krasnow, 29 Mass. App. Ct. at 566; Gifford v. Spehr, 358 Mass. 658, 663-64 (1971).  Failure to provide actual notice within the original limitations period has been regarded as a matter of substance rather than form.  Krasnow, 29 Mass. App. Ct. at 566.  Thus, since it is undisputed that Defendants did not have actual notice within the original limitations period that Plaintiffs had initiated a court action against them, Plaintiffs' failure constitutes a matter of substance rather than form, and, therefore, the renewal statute does not apply.

Finally, the renewal statute does not apply because the Court did not dismiss Plaintiffs' Complaints solely for insufficient service of process, but also for Plaintiffs' failure to show good cause for the insufficient service of process. (Exhibit B, pp. 13-14.)  Moreover, the Court found that "[t]his case involves a pattern of serious inattention and neglect by plaintiffs and their counsel." (Exhibit B, p. 2.)  The Court ruled that "[b]ecause the service of process was not sufficient, and because the delays have been extraordinary and unwarranted, dismissal of the claims is required." (Exhibit B, p. 2.)  Since the language of the renewal statute suggests that an action

would only be saved if there is "some acceptable reason for the insufficiency of service of process," Krasnow, 29 Mass. App. Ct. at 566, and since this Court has ruled that Plaintiffs have not demonstrated good cause, the renewal statute does not apply.  Thus, Plaintiff's Complaint should be dismissed.

**CONCLUSION**

For the foregoing reasons, Defendants Peter Towler, Daniel Dowd, Thomas C. Duffy, Edward McGinn, Jimmy Moore, and Officer Ortiz's Motion to Dismiss should be granted, and Plaintiff's Complaint should be dismissed with prejudice.

```
                                DEFENDANTS PETER TOWLER,
                                DANIEL DOWD, THOMAS C. DUFFY,
                                EDWARD McGINN, JIMMY MOORE,
                                And OFFICER ORTIZ,

                                By their attorneys,

                                David M. Moore
                                City Solicitor


                                /S/ Janet J. McGuiggan
                                Janet J. McGuiggan
                                Assistant City Solicitor
                                City Hall, Room 301
                                455 Main Street
                                Worcester, MA 01608
                                (508) 799-1161
                                BBO #630013
```

8

## CERTIFICATE OF SERVICE

    I, Janet J. McGuiggan, hereby certify that on this 29th day of September, 2006, I served the within Memorandum of Law in Support of Defendants' Motion to Dismiss upon all parties of record via this Court's electronic filing system (ECF) and via U.S. Mail, postage prepaid, to:

| | |
|---|---|
| Michael L. Altman, Esq. | Andrew J. Gambaccini, Esq. |
| Altman & Citron | Reardon, Joyce & Akerson |
| 100 Franklin Street | 397 Grove Street |
| Boston, MA 02110 | Worcester, MA 01605 |

                                      /s/ Janet J. McGuiggan
                                      Janet J. McGuiggan
                                      Assistant City Solicitor