UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRANDON S. BLAIR and ) | |
| RICHARD N. TOUSIGNANT, ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | DOCKET NO. 06-CV-40129-FDS |
| ) | |
| PETER TOWLER, ) | |
| DANIEL DOWD, ) | |
| THOMAS C. DUFFY, ) | |
| JIMMY MOORE, ) | |
| and JOSE ORTIZ, ) | |
| Defendants ) | |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE CRIMINAL TRIAL EVIDENCE

Defendants Peter Towler, Daniel Dowd, Thomas C. Duffy, Jimmy Moore and Jose Ortiz (hereinafter, Defendants), hereby move this Court to exclude any evidence of the criminal trials, including the dispositions of the criminal charges, of Plaintiff Brandon Blair (hereinafter "Blair") and Plaintiff Richard Tousignant (hereinafter "Tousignant"); or the criminal trials of two other individuals arrested on the night in question at the AMEN nightclub, Leon King (hereinafter "King") and Randy Boucher (hereinafter "Boucher") at trial.  As grounds for this motion, Defendants state that evidence of the criminal trials, including the dispositions of the criminal charges, is irrelevant to Plaintiffs' claims, which consist of two counts asserted under 42 U.S.C. § 1983: one alleging unlawful arrest without probable cause (Count I) and one alleging the use of unreasonable or excessive force (Count II).  Additionally, the introduction of such evidence would be highly prejudicial to Defendants.  The grounds for this motion are more fully set forth below.

I.   **Evidence Of The Criminal Trials Of Plaintiffs Blair And Tousignant, As Well As Of King And Boucher, Is Not Relevant.**

Relevant evidence is that evidence which makes any fact of consequence to the determination of the action more probable or less probable than it would be without such evidence. Fed. R. Evid. 401. Plaintiffs, in support of their claims for false arrest and excessive force, seek to admit evidence of their subsequent criminal trials, including the dispositions, arising out of their arrests outside the AMEN nightclub on December 23, 2001, (see Plaintiffs' Pretrial Disclosure, p. 2; see Joint Pretrial Memorandum), presumably to establish that they were acquitted of some of their criminal charges.[1] Plaintiffs also seek to admit evidence of the criminal trials arising out of the arrests of King and Boucher inside the AMEN nightclub on December 23, 2001, (see Plaintiffs' Pretrial Disclosure, p. 2; see Joint Pretrial Memorandum), presumably for the same reason.[2] However, in analyzing a false arrest claim, "[i]t is … irrelevant, in determining whether the arrest was lawful, that the plaintiff was later acquitted of the crimes for which he was arrested." Goddard v. Kelley, 629 F. Supp. 2d 115, 125, n.11 (D. Mass. 2009)(citing United States v. Brown, 169 F.3d 89, 92 (1st Cir. 1999)). Indeed, it is well settled law that

> the fact that a state court jury acquitted the appellant of the criminal charges does not speak to the existence of probable cause. The probable cause determination is made at a different point in time by a different, less demanding methodology, and requires less proof than a conviction.

---

[1] It should be noted that the criminal docket reflects that Plaintiffs were found not guilty by a jury of two of the five charges brought against them; two charges, violations of two municipal ordinances, were dismissed by the trial Judge upon the Court's finding, *sua sponte,* that the ordinances were unconstitutional, and, thus, these charges were never considered on their merits by the jury; and the remaining charge was dismissed before trial by agreement of the parties.

[2] It is undisputed that King and Boucher were arrested on the inside of the nightclub, whereas Blair and Tousignant were arrested outside of the nightclub. It is also undisputed that King and Boucher made no firsthand observations of Blair and Tousignant that evening until after they were all arrested and placed in the patrol wagon.

Roche v. John Hancock Mutual Life Ins. Co., 81 F.3d 249, 355 (1st Cir. 1996)(citing United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir. 1987); United States v. Miller, 589 F.2d 1117, 1128 (1st Cir. 1978), *cert. denied*, 440 U.S. 958, 99 S.Ct. 1499, 59 L.Ed. 2d 771 (1979)). "The inquiry focuses solely on the facts the officers knew at the time of the arrest and whether those facts constituted probable cause." Goddard, 629 F. Supp 2d. at 125, n.11 (citing Brown, 169 F.3d at 91).

Similarly, a criminal acquittal has no impact on Plaintiffs' excessive force claims. See Manning v. Tefft, 839 F. Supp. 126, 128 (D. R.I. 1994)(holding that "excessive force claim[s] present issues that are entirely separate and distinct from those underlying the state prosecution[;] and, "conviction or acquittal [on criminal] charges will have no impact on … [a § 1983] "excessive force" claim.")). Accordingly, because "evidence which is not relevant is not admissible," Fed. R. Evid. 402, evidence of Plaintiffs' criminal cases arising out of the arrests underlying this civil action are irrelevant to the analysis of this case, and therefore, should not be admitted into evidence. Similarly, because King and Boucher's criminal cases are irrelevant to Plaintiffs' claims, evidence of their criminal cases should also not be admitted into evidence in this case.

## II. The Probative Value Of Any Criminal Trial Evidence Is Substantially Outweighed By The Danger Of Unfair Prejudice.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice confusion of the issues or misleading the jury." Fed. R. Evid. 403. However, in this case, for the reasons set forth above, evidence of the criminal trials, including the dispositions on the criminal charges, is irrelevant to the inquiry before this Court, which is twofold: (1) whether there was probable cause to arrest Plaintiffs; and (2) whether excessive force was used in

effectuating Plaintiffs' arrests. Thus, without relevance there can be no probative value with respect to evidence of the criminal trials of Plaintiffs as well as those of King and Boucher. It follows that, without probative value, the danger of unfair prejudice to the Defendants is great and warrants exclusion. Such evidence will confuse the issues to be determined in the present action and will likely mislead the jury.

In the present action, the jury will be asked to determine, at the time Plaintiffs were arrested, focusing solely on the facts known to the arresting officer at that time, whether or not probable cause existed to arrest Plaintiffs. See Goddard, 629 F. Supp. 2d at 125, n.11. As stated above, "[t]he validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest," State of Michigan v. DeFillipo, 443 U.S. 31, 36 (1971), as "the kinds and degree of proof and the procedural requirements necessary for conviction are not prerequisites to a valid arrest." Id. Similarly, the criminal prosecutions of Plaintiffs were based upon issues separate and distinct from the question of whether or not the Defendants used reasonable force in arresting Plaintiffs, and, therefore, could confuse the issues to be determined in the present action by misleading the jury as to the lawfulness of Plaintiffs' arrests. Accordingly, any introduction of evidence of the criminal trials, dependent upon entirely different issues, would be unduly prejudicial to the Defendants as well as confusing and misleading to the jury, and therefore, are not admissible under Fed. R. Evid. 403.

        DEFENDANTS PETER TOWLER,
DANIEL DOWD, THOMAS C. DUFFY,
JIMMY MOORE  and
JOSE ORTIZ,

By their attorneys,

David M. Moore
City Solicitor

*/s/ Janet J. McGuiggan*
Janet J. McGuiggan
Assistant City Solicitor
(BBO #630013)
Andrew J. Abdella
Assistant City Solicitor
(BBO #665663)
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161
mcguigganj@worcesterma.gov
abdellaaj@worcesterma.gov

Dated: May 14, 2010

## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that, I served the within Defendants' Motion in Limine upon all parties of record via this Court's electronic filing system (ECF) on May 14, 2010.  There are no unregistered participants.

        */s/ Janet J. McGuiggan*
        Janet J. McGuiggan
        Assistant City Solicitor

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I, Janet J. McGuiggan, hereby certify that, in preparation of the Joint Pretrial Memorandum, the parties conferred in good faith to resolve the issue that is the subject of this motion, but were unable to do so.

        */s/ Janet J. McGuiggan*
        Janet J. McGuiggan
        Assistant City Solicitor